**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| William E. Sullivan Jr.<br>    **Debtor(s)**<br><br>Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc.<br>    **Moving Party**<br>vs.<br><br>William E. Sullivan Jr.<br>    **Debtor(s)**<br><br>Kenneth E. West<br>    **Trustee** | CHAPTER 13<br><br>NO. 23-12347 AMC<br><br>11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On November 15, 2024, Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc. ("Secured Creditor") filed a Motion for Relief ("Motion" at Docket #65) due to a post-petition default of the Debtor.

2. On December 10, 2024, Debtor filed a Response to Secured Creditor's Motion for Relief (Docket #68).

3. On December 11, 2024, this Court entered an Order granting the Motion for Relief (Docket #71) as to the property located at 3121 Holly Road, Philadelphia, PA 19154 ("Property").

4. Secured Creditor and Debtor desire to resolve Debtor's Response to the Motion in accordance with the terms as set forth below and agree that the entry of this Stipulation shall vacate the Order granting the Motion for Relief at Docket #71 and reinstate the automatic stay as to the Property.

5. Debtor acknowledges that as of December 23, 2024, the post-petition arrearage on the mortgage held by Secured Creditor on the Debtor's residence is **$4,087.35**. Post-petition funds received after December 23, 2024, will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | November 2024 at $1,353.66; December 2024 at $1,484.69 |
| Fees & Costs Relating to Motion: | $1,249.00 |
| **Total Post-Petition Arrears:** | **$4,087.35** |

6. The Debtor shall cure said arrearages in the following manner:

a). Beginning **January 2025** and continuing through **May 2025**, until the arrearages are cured, Debtor shall pay the present regular monthly mortgage payment of **$1,484.69** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$681.23** towards the arrearages on or before the last day of each month, with a final installment payment of **$681.20** due **June 2025**, at the address below:

Rocket Mortgage, LLC
635 Woodward Ave
Detroit, Michigan 48226

b). Maintenance of current monthly mortgage payments to Secured Creditor thereafter.

7. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Secured Creditor shall adjust the account accordingly.

8. In the event the payments under Section 6 above are not tendered pursuant to the terms of this stipulation, Secured Creditor shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting Secured Creditor relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

9. If the case is converted to Chapter 7, Secured Creditor shall file a Certification of Default with the court and the court shall enter an order granting Secured Creditor relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 23, 2024                /s/ Denise Carlon
                                         Denise Carlon, Esq.
                                         Attorney for Movant

Date: 01/08/2025                         _[signature]_
                                         Sharon S. Masters
                                         Attorney for Debtor

Date: 1/13/2025                          /s/ Jack K. Miller, Esquire  for
                                         Kenneth E. West
                                         Chapter 13 Trustee

*I have no objection to its terms, without prejudice to any of our rights and remedies*

Approved by the Court this **17th** day of **Jan.**, 2025  However, the court retains discretion regarding entry of any further order.

_[signature]_
Bankruptcy Judge
Ashely M. Chan